ROANE, Judge.
In this case I am compelled to yield my impressions, relative to the real justice of the appellant’s cause, to the established principles of the law, as settled by successive and long existing decisions.
It is an action on the case for maliciously and without a justifiable cause, arresting or attaching the plaintiiF’s goods at Dunkirk in France.
Tribunals of justice being instituted for the convenience and benefit of the people, it is a claim of right to prosecute a civil action, or proceeding; whatsoever the ultimate decision on it may be. It then only becomes culpable and actionable, when the party has instituted such proceedings from a corrupt motive, and without any ground or cause therefor.
Such is the general principle.
The decisions upon this principle have settled the law to be, that there must be an averment in the declaration of both malice, and the want of probable cause. Without the first, the motive is not corrupt, however mistaken the parly suing, may be: And where there is a probable cause for suing, the ingredient of malice cannot convert the act of suing into a culpable offence.
There, is no position of the law more settled than this; and the existence of the one, and the want of the other, must be expressly averred, or supplied by equipollent, expressions. The word justifiable, is not synonymous with proba,ble. The latter refers to a standard within the reach of the person at the time, and determining the purity of his motives. The. former refers to another criterion within his reach, and carrying with it no certain datum, from which we can decide upon the corruptness or purity of the motive.
I (piole no particular cases justifying this result; but it has not been delivered without an attention to them.
The want of a statement, in the declaration, that the civil proceeding was terminated, is cured by the verdict:* but the averment of the want of probable cause is of the very gist of the action, and the omission of it must over throw the plaintiff’s declaration.
*392 I therefore concur in opinion with the District Court, bin upon a different ground. The evidence by them supposed to be hearsay, is clearly admissible and relevant. But, I give no opinion, whether we should presume the attachment to have been in a Court of record? Or, upon the necessity of producing a record, shewing its termination.
I think the judgment ought to be affirmed.
FLEMING, Judge.
The judgment of the Borough Court is certainly erroneous, but, for a reason different from that assigned by the District Court; because, I think the evidence was admissible, as it related to proceedings in a foreign country; which, often times, can bo proved in no other way, than by depositions and testimony da hors the proceedings; of which it is not always in the power of the party to procure copies. The real ground of error is, the want of an averment in the declaration, that there was no probable cause for tho attachment; without which the plaintiff could have no cause of action; [Johnstone v. Sutton, in error,] 1 T. R. 544; because, a man is not liable to be sued for a malicious prosecution, unless the plaintiff shews that there was no probable ground for instituting the process. Probable cause, therefore, is the very gist of the action; and, being absolutely necessary to sustain the suit, it must be averred. The words, justifiable cause, do not supply the omission; because, there may not be a justifiable cause, and yet there may be aprobable one; which must depend upon the complexion of things at the time the prosecution was commenced. Consequently, I am of opinion, that the District Court did right in reversing the judgment, but, the plaintiff should be allowed to amend bis declaration.
CARRINGTON, Judge.
I think the evidence ivas admissible, to shew the injury which the plaintiff had sustained, and that the attachment was commenced without cause: For, as the proceedings took place in a foreign country, it would be too rigid to insist upon copies, which perhaps could not have been procured. Therefore, the judgment of the District Court is not sustainable, upon the reasons assigned by them. But, for another reason, I think it ought to be affirmed. The judgment of the Borough Court was certainly erroneous, on account of the insufficiency of the declaration. It is completely settled, that, in a suit for a malicious prosecution, it must appear *393 that there was no probable ground for the prosecution; since the want of probable anise is the very gist of the action; and, therefore, it must be averred. This averment is not supplied, in the present case, by the words justifiable cause; for, the latter mean no more than legal cause. And there might have been a probable, though not a legal cause. The first might depend upon appearances at the time; the last, upon the real state of the case. The essential ground of the action, then, being omitted, the plaintiff cannot recover upon this declaration; for, it has been often deciden', that if the gis/ of the action bo not laid, a verdict will not cure the defect. [Rushton v. Aspinall,] Doug. 679; [Winston’s ex’r. v. Francisco,] 2 Wash. 187; [Chichester v. Vass,] 1 Call, 83. The declaration would have, been bad, upon demurrer, for another reason; namely, the omission to charge that the allaehmoiit was ended. [Fisher v. Bristow et al.] Dougl. 215. But, that perhaps is aided by the verdict. However, the failure to lay the want of probable cause is decisive; and, therefore, I am of opinion, that the judgment of both Courts ought to be reversed, and judgment entered for the defendants.
LYONS, Judge.
Although there must, in order to ground this action, be a want of probable cause for the prosecution; and, although it is usual to say in the declaration, that there was no probable, cause, yet. 1 do not think it indispensably uocessary, that those very words, and none other, should be used; for, any which are tantamount, and calculated to bring the probable cause fairly into issue, would be sufficient. And I rather incline to think the words justifiable cause, are of that kind: as they clearly admit of the evidence as to the want of probable cause. However, it is unnecessary to decide that point now; because, I am of opinion, that the declaration is defective for another reason; namely, that it does not shew, whether the attachment has been determined, or not; without which, it does not, appear, whether the process issued without probable cause, or not; for, if the attachment should be finally supported by the Court in France, it would negative the idea, that it issued without a cause. It is, therefore, one of the main ingredients in the action. Of course, it ought to be shewn; and until that is done, the injury cannot be established. Bull. N. P. 12, 13; Dough 215. For these reasons, 1 am of opinion, *394 that the judgment of the Borough Court was erroneous; and not for those stated by the District Court; with whom I differ, as to the admissibility of the evidence. For, I think the evidence was proper, as it related to transactions, with respect to a civil suit in a foreign country; where the party might not have had it in his power to obtain copies, and the defendant’s letters had acknowledged the attachment. However, on account of the defect in the declaration, I concur that judgment should be entered for the defendants. *

[* Skinner v. Gunton et al. 1 Saund. 228.]

[* See Kirtley v. Deck et al. 2 Munf. 10; Marshall v. Bussard, Gilmer, 9, on the main point; and Hadfield v. Jameson, 2 Munf 70, 78, as to the character of proof.]